**Ella M. PELLERIN, Appellant,**

v.

**1915 16th STREET COOPERATIVE ASSOCIATION, INC., Appellee.**

No. 08–CV–319.

District of Columbia Court of Appeals.

Argued Sept. 10, 2009.
Decided Oct. 1, 2009.

---

Johnny M. Howard, Washington, DC, for appellant.

Jack D. Lapidus, Washington, DC, with whom Kevin B. McParland, Bethesda, MD, was on the brief, for appellee.

Before WASHINGTON, Chief Judge, and KRAMER, Associate Judge, and NEWMAN, Senior Judge.

NEWMAN, Senior Judge.

This case has been here before. *Pellerin v. 1915 16th St., N.W. Coop. Ass'n*, 900 A.2d 683 (D.C.2006). There we remanded the case for the trial court to decide whether to permit appellant, Ella M. Pellerin (Pellerin), "to amend her complaint to add her quorum claim ... [and to] ... clarify and, if necessary, modify its award of attorney's fees...." *Id.* at 690. Pellerin now appeals the trial court's rulings adverse to her on both issues. We affirm.

## I.

These cases stem from the termination of Pellerin's mother's proprietary lease and cooperative membership by 1915 16th Street Cooperative Association (the "Cooperative"). Pellerin's mother, Melissa Sawyer, resided in a cooperative apartment in northwest Washington, D.C., until her illness and death in April 2000. Upon Sawyer's death, the Cooperative notified Pellerin, the personal representative of her mother's estate, that the Cooperative would terminate her mother's proprietary lease and cooperative membership unless

Pellerin paid approximately $18,000 in overdue maintenance fees, non-occupancy fees, and related charges. Pellerin did not render full payment.

Members of the Cooperative held a meeting on April 2, 2002, to address Pellerin's non-payment of her mother's arrearages. Pellerin was notified of the April 2 meeting in advance. Pellerin's attorney was present when the Cooperative voted by seventeen to one, with one abstention, to terminate Sawyer's proprietary lease and cooperative membership. The Cooperative gave Pellerin until May 1 to pay the outstanding balance or relinquish her mother's membership and possession of the apartment.

Pellerin sued the Cooperative for breach of contract and adverse possession. The trial court granted the Cooperative's motion to dismiss the adverse possession count but left the breach of contract counts intact. The Cooperative then counterclaimed for maintenance fees, non-occupancy fees, and related charges owed by Sawyer, as well as attorneys' fees pursuant to Article 3 of Sawyer's lease. After the close of discovery, the Cooperative moved for summary judgment on the breach of contract counts and for partial summary judgment on its counterclaim. Pellerin opposed these motions.

The Cooperative filed motions *in limine*, one of which sought to limit Pellerin to the claims articulated in her complaint. The trial court did not rule on these motions. While the Cooperative's motion for summary judgment was pending, the parties filed a joint pretrial statement. For the first time, Pellerin claimed that the April 2 meeting was invalid for want of a quorum, as defined in the Cooperative's by-laws. According to Pellerin, seven or eight members had voted by proxy, which she argued was prohibited under D.C.Code § 29–914 (2001).

The trial court granted summary judgment for the Cooperative on Pellerin's breach of contract claims. Following a bench trial on the Cooperative's counterclaim, the court found Sawyer's estate liable for most of the assessed fees and charges. The trial court then awarded attorneys' fees to the Cooperative in the amount of $18,574.

On remand, the trial court denied Pellerin's motion to file an amended complaint to assert the quorum claim and reduced the award of attorneys' fees to $14,057.67 from the $18,574.00 originally awarded. This appeal followed.

## II.

### A. Quorum Issue

■ Because Pellerin's attorney was present at the April 2 meeting and failed to raise the quorum issue at that time, Pellerin has waived this claim. *See Jones & Artis Constr. Co. v. District of Columbia Contract Appeals Bd.*, 549 A.2d 315, 324 (D.C.1988) (concluding that "Jones & Artis' failure to raise the quorum issue before the Board was an acquiescence, tantamount to a stipulation under the rules, that the Chairman could act on behalf of the Board ... upon stipulation, irrespective of quorum requirements."); *see also Will v. View Place Civic Ass'n*, 61 Ohio Misc.2d 476, 482, 580 N.E.2d 87 (Ohio Com.Pl.1989) (concluding that failure to raise issue of whether quorum was present during meeting constituted waiver of issue). Pellerin cannot now claim that there was no quorum when her attorney did not raise that issue at the April 2 meeting.

■ Furthermore, even if Pellerin's quorum claim was not waived, she would not prevail. As noted by Pellerin, the trial court may exercise its discretion in considering whether to grant a motion for leave to amend. *See Johnson v. Fairfax Village*

*Condo. IV Unit Owners Ass'n,* 641 A.2d 495, 501 (D.C.1994) (listing "(1) the number of requests to amend; (2) the length of time that the trial has been pending; (3) the presence of bad faith or dilatory reasons for the request; (4) the merit of the proffered amended pleading; and (5) any prejudice to the non-moving party" as factors that guide the trial court's exercise of its discretion in considering a motion for leave to amend) (internal citations omitted). Although "[D]elay-even lengthy delay-by itself will not usually provide sufficient ground for refusal to allow an amendment," *Bolton v. Bernabei & Katz, PLLC,* 954 A.2d 953, 965 n. 16 (D.C.2008) (internal citation omitted), "the lateness of a motion may well provide the predicate for a proper determination that prejudice to the opposing party would result if an amendment were allowed." *Eagle Wine & Liquor Co. v. Silverberg Elec. Co.,* 402 A.2d 31, 35 (D.C.1979).

We have noted that "[s]uch a determination may rest on findings that the moving party has not put forth any satisfactory reason for the delay (e.g., new information which could not have been uncovered earlier) and that an 'unduly delayed' amendment would mean a large additional expenditure of effort and money by the opposing party in discovery on a new aspect of the case after substantial discovery already has taken place." *Id.* As recognized by the trial judge on remand, and as we stated in the first round of this litigation, Pellerin "included [her quorum claim] at the eleventh hour in the Joint Pretrial Statement...." *Pellerin, supra,* 900 A.2d at 688. Further, the trial court expressly found that "[Pellerin] has not provided the court with an explanation as to why she waited over a year from the filing of the Complaint to assert the quorum claim," and "to allow [Pellerin] to raise a quorum claim would subject [the Cooperative] to a new round of discovery after [the Cooperative] spent significant resources and time

preparing to successfully defend the breach of contract claims."

We have upheld a trial court's denial of a motion to amend in similar circumstances to those present here. *See, e.g., Howard Univ. v. Good Food Servs., Inc.,* 608 A.2d 116, 122 (D.C.1992) (affirming trial court's denial of motion to amend where appellant "failed to 'put forth any satisfactory reason for the delay' in amending its complaint" and because of the potential prejudice of additional delay and expense) (quoting *Eagle Wine & Liquor, supra,* 402 A.2d at 35); *Gordon v. Raven Sys. & Research, Inc.,* 462 A.2d 10, 13 (D.C.1983) ("Although there is no showing of bad faith, appellant offered no explanation regarding the reasons for the aggravated delay."). Here, where counsel for Pellerin was not only present at the meeting in question but participated therein as counsel, the trial court did not err in concluding that it was Pellerin's "relaxed prosecution" and "dilatory manner in building her case" that resulted in her delay in raising the quorum claim. There being no erroneous exercise of discretion, perforce there was no abuse of discretion. *Johnson v. United States,* 398 A.2d 354, 367 (D.C.1979).

## B. Attorneys' Fees

Pellerin argues that the trial court should not have included certain billing entries in its award of attorneys' fees because "[t]he description of the services rendered under these dates pertained to collaboration with defense counsel who was responsible for defending against [Pellerin's] lawsuit," and "[t]hese services did not relate to the prosecution of the counterclaim...." In his ruling, however, the trial judge modified and reduced the award to $14,057.67 to limit the award to "legal costs generated from the pursuit of

[the Cooperative's] counterclaim." Pellerin fails to show the trial court erred.

*Affirmed.*